119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aurora MAGANA de GODINEZ, Defendant-Appellant.
 No. 96-50664.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Aurora Magana de Godinez appeals the mandatory minimum ten year sentence imposed upon her guilty plea conviction for conspiracy to import and distribute heroin, through importing heroin from Mexico inside a concealed compartment in a car. Magana contends that the district court erred by failing to make an adequate factual finding regarding why she was denied a safety valve reduction in sentence under U.S.S.G. § 5C1.2. We affirm.
 
 
 3
 Our review of the district court's interpretation of the Sentencing Guidelines is de novo. United States v. Real-Hernandez, 90 F.3d 356, 359 (9th Cir.1996). The district court must provide its reasons for agreeing or refusing to apply section 5C1.2 at the time of sentencing. Id. Here, after hearing extensive argument regarding whether Magana had established that she met all the qualifications for a safety valve reduction, the district court stated, "I find she is not qualified for the safety valve." Our review of the record indicates that, on these facts, this was sufficient to permit appellate review of the issue of Magana's qualification for a safety valve reduction. See id.
 
 
 4
 Magana further contends she established she was entitled to the safety valve reduction. We disagree. To qualify for the safety valve reduction, Magana was required to comply with the "tell all you can tell" requirement, United States v. Sherpa, 100 F.3d 656, 659 (9th Cir.1996), and she had the burden of proving by a preponderance of the evidence that she was completely truthful with the government. United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996), cert. denied, 117 S.Ct. 742 (1997).
 
 
 5
 Here, the government argued that Magana was not qualified for the safety valve reduction because she was not truthful when she stated she purchased the car from a stranger, since the previous owner of the car actually was one of Magana's relatives. During her sentencing hearing, Magana did not contend that she had been completely truthful with the government, but rather that the name of the person from whom she had purchased the car was irrelevant since the car's prior owner was not charged as a co-conspirator in this offense. Under these circumstances, the district court did not clearly err by concluding Magana had not established by a preponderance of the evidence that she was entitled to a safety valve reduction. See id. Accordingly, the sentence is
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3